UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JEFFREY MACK, <br> aka JEFFREY MACK LUNDY, <br><br> Petitioner, <br><br> v. <br><br> STUART HUDSON, Warden, <br><br> Respondent. | Case No. 1:07CV652 <br><br> JUDGE JOHN R. ADAMS <br><br> Magistrate Judge George J. Limbert <br><br> **Report and Recommendation** <br> **of Magistrate Judge** |

Petitioner Jeffrey Mack ("Petitioner") has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF Dkt. #1. Petitioner seeks relief for alleged constitutional violations that occurred during his Medina County, Ohio Court of Common Pleas conviction for two counts of Aggravated Robbery in violation of Ohio Revised Code ("O.R.C.") § 2911.01(A)(3) and one count of Misuse of Credit Cards in violation of O.R.C. § 2913.21 (B)(2). On July 25, 2007, Respondent Stuart Hudson filed an Answer/Return of Writ. ECF Dkt. #8. Petitioner has not filed a traverse.

The case was referred to the undersigned for a Report and Recommendation. ECF Dkt. #5. For the following reasons, the undersigned RECOMMENDS that the Court DISMISS Grounds One and Two of the instant petition with prejudice:

## I. PROCEDURAL HISTORY

### A. State Trial Court

On December 23, 2003, the Medina County, Ohio Grand Jury returned an indictment charging Petitioner with two counts of Aggravated Robbery in violation of Ohio Revised Code ("O.R.C.") § 2911.01(A)(3) and one count of Misuse of Credit Cards in violation of O.R.C. § 2913.21 (B)(2). ECF Dkt. #8, Ex. 1. On December 31, 2003, pursuant to O.R.C. § 2641.149, the Grand Jury amended the indictment to include repeat violent offender specifications to each

Aggravated Robbery count. ECF Dkt. #8, Ex. 2. On December 7, 2004, Petitioner appeared in open court with counsel and pled guilty to the charges in the amended indictment, including the repeat violent offender specifications. ECF Dkt. #8, Ex. 3. On January 11, 2005, Petitioner filed a *pro se* motion to withdraw his guilty plea. ECF Dkt. #8, Ex. 4. The trial court held a hearing and denied the motion. ECF Dkt. #8, Ex. 24-3 at 16. Another motion had been filed (it is unclear by whom) to relieve defense counsel of his representative capacity over Petitioner. ECF Dkt. #8, Ex. 24-3 at 2. The trial court did not expressly rule on that motion. *See* ECF Dkt. #8, Ex. 24-3. After the hearings on the motions, the trial court proceeded to a sentencing hearing and sentenced Petitioner to 23 years of imprisonment. ECF Dkt. #8, Ex. 24-3 at 30-31; #6 at 2.

### B. Direct Appeal

On March 22, 2005, Petitioner filed a *pro se* notice of appeal from the trial court's judgment. ECF Dkt. #8, Ex. 7. Petitioner listed multiple assignments of error:

> Prosecution misconduct/ ineffective assistance of counsel/ motion to withdraw plea/ improper sentence by judge/ [ ] motion filed to disqualify counsel [and] perjured testimony by police officer

ECF Dkt. #8, Ex. 7 at 6. On March 24, 2005, Petitioner's new lawyer Joseph F. Salzgeber filed a second notice of appeal. ECF Dkt. #8, Ex. 8. The Ohio Court of Appeals for the Ninth District consolidated the appeals. ECF Dkt. #8, Ex. 9. On May 31, 2005, Petitioner filed an appellate brief alleging three assignments of error:

> ASSIGNMENT OF ERROR NO. I:
> The trial court erred by accepting appellant's guilty pleas to all charges set forth in the indictment, where those pleas were not knowingly, voluntarily, and intelligently made in violation of constitutional due process requirements.
>
> ASSIGNMENT OF ERROR NO. II:
> The trial court abused its discretion by denying appellant's motion to withdraw his guilty plea to the indictment.
>
> ASSIGNMENT OF ERROR NO. III:
> The prison sentence imposed on appellant by the trial court is not supported by the record, is contrary to law, and violates the dictates of *Blakely v. Washington* (2004), 542 U.S. ___, 124 S.Ct. 2531, 159 L.Ed.2d 403.

ECF Dkt. #8, Ex. 10 at 1. On November 30, 2005, the Court of Appeals affirmed the trial court's judgment. ECF Dkt. #8, Ex. 12.

Following the ruling from the Court of Appeals, Petitioner filed a *pro se* notice of appeal to the Supreme Court of Ohio. ECF Dkt. #8, Ex. 13.[1] Petitioner attached a memorandum raising one proposition of law:

> A criminal defendant's prison sentence violates due process law, where enhancement factors fail to comport with the Sixth Amendment and recent Supreme Court precedence [sic] set forth in *Blakely v. Washington* (2004) ***, 124 S.Ct. 2531.

ECF Dkt. #8, Ex. 13.

On April 26, 2006, the Supreme Court of Ohio determined the case did not involve a substantial constitutional question and denied leave for appeal. ECF Dkt. #8, Ex. 14.

### C. Motion for a New Trial

On May 13, 2005, while his direct appeal was pending, Petitioner filed motion for a new trial in the Medina County Court of Common Pleas. ECF Dkt. #8, Ex. 18. Petitioner alleged:

> 1. irregularity in the proceedings or in any order or ruling of the court or abuse of discretion by the [trial] court, because of which the defendant was prevented from having a fair trial; and
>
> 2. misconduct of the prosecuting attorney.

ECF Dkt. #8, Ex. 18. On June 16, 2005, the Medina County Court of Common Pleas denied the motion in an unexplained decision. ECF Dkt. #8, Ex. 19.

On December 28, 2005, Petitioner filed a *pro se* petition for a writ of mandamus in the Ninth District Court of Appeals. ECF Dkt. #8, Ex. 20. Petitioner sought a writ of mandamus compelling the trial court to issue findings of fact and law relating to its denial of his motion for a new trial. *Id*. On February 15, 2006, the Ninth District Court of Appeals denied the writ. ECF Dkt. #8, Ex. 23.

### D. Rule 26(B) Motion

On February 22, 2006, Petitioner filed a *pro se* motion to reopen his appeal pursuant to Ohio Rule of Appellate Procedure 26(B). ECF Dkt. #8, Ex. 15. Petitioner alleged ineffective assistance of appellate counsel. *Id*. at 2. In claiming ineffective assistance of appellate counsel, Petitioner claimed three underlying assignments of error:

---

[1] It is unclear when the notice of appeal was filed. It bears Supreme Court time stamps for both December 28, 2005 and January 10, 2006.

> I. The trial court erred by accepting appellant's guilty pleas to all charges set forth in the indictment, where those pleas were not knowingly, voluntarily, and intelligently made in violation of constitutional due process requirement [sic].
>
> II. The trial court erred by denying Mr. Mack's motion to withdraw his guilty pleas, where (1) his pleas were invalid, (2) trial counsel was ineffective; and (3) Mr. Mack persistently asserted his innocence.
>
> III. <u>U.S. Const. Amend. XIV</u> The trial court error to the prejudice of the defendant when it sentenced him upon counts in an indictment, void of the requisite jurisdictional acquirement in valid complaint filings upon those counts, thus voiding everything thereafter.

ECF Dkt. #8, Ex. 15. On March 15, 2006, the Ninth District Court of Appeals denied the motion. ECF Dkt. #8, Ex. 17.

### E. 28 U.S.C. § 2254 Petition

On February 26, 2007, Petitioner filed the instant petition for a writ of habeas corpus. ECF Dkt. #1; *see Towns v. U.S.*, 190 F.3d 468, 469 (6th Cir. 1999) citing *Houston v. Lack*, 487 U.S. 266, 270-74 (1988) (a *pro se* prisoner's petition is considered to be filed on the day he delivers it to prison authorities). Petitioner has raised the following grounds for relief:

> **GROUND ONE:**
> Petitioner was denied equal protection of the law, as guaranteed [to] him under the United States Constitution, when the court sentenced him to a term of imprisonment that violated his rights to equal protection.
>
> **SUPPORTING FACTS:**
> The United States, while petitioner[']s appeal was pending, ruled that only a jury could make certain findings, other than a prior conviction, before a sentence beyond the statutory maximum could be imposed. Petitioner, having raised this issue on appeal was denied his rights to receive the protection of this ruling in spite of the timeliness of it[ ]s argument.
>
> **GROUND TWO:**
> Petitioner[']s sixth amendment right to the effective assistance of appellate counsel was denied [to] him.
>
> **SUPPORTING FACTS:**
> In spite of the obvious and plain errors in the records, appellate counsel failed to pursue them which could have aided petitioner in proving that his conviction was inappropriate, and unfair.

ECF Dkt. #1 at 5. Petitioner did not file any supporting memoranda. On July 25, 2007, Respondent Stuart Hudson filed an Answer/Return of Writ. ECF Dkt. #8. Petitioner has not filed a traverse.

## II.     PROCEDURAL BARRIERS TO REVIEW

A petitioner must overcome several procedural barriers before a court will review the merits of a petition for a writ of federal habeas corpus. As Justice O'Connor noted in *Daniels v. United States*, "Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim." 532 U.S. 374, 381 (2001); *see also United States v. Olano*, 507 U.S. 725, 731 (1993).

The United States Supreme Court has held that it would be in the interests of the parties and the courts for the merits of a petition to be addressed forthwith if it is clear that the applicant does not even raise a colorable federal claim. *Granberry v. Greer*, 481 U.S. 129, 135 (1987); *Prather v. Rees*, 822 F.2d 1418, 1421-22 (6th Cir. 1987) (lack of exhaustion was properly excused where petition was plainly meritless, the state had not addressed exhaustion, and disposition of the case would not offend federal-state comity). The undersigned concludes that both grounds of the instant petition lack merit, and therefore recommends that the Court dismiss the instant petition on the merits.

For the reasons set forth below, the undersigned concludes that both grounds of the instant petition lack merit. Consequently, it is unnecessary to further discuss the procedural barriers to the Court's review because the undersigned recommends dismissing the instant petition on the merits.

## III.    STANDARD OF REVIEW

If Petitioner's claims overcome the procedural barriers of time limitation, exhaustion and procedural default, AEDPA governs this Court's review of the instant case because Petitioner filed his petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 on February 26, 2007, well after the act's effective date of April 26, 1996. *Harpster v. Ohio*, 128 F.3d 322, 326 (6th Cir. 1997), *cert. denied*, 522 U.S. 1112 (1998). Under Section 2254, a state prisoner is entitled to relief if he is held in custody in violation of the United States Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(d).

The AEDPA sets forth the standard of review for the merits of a petition for the writ of habeas corpus. The AEDPA provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim --
>
>> (1) resulted in a decision that was *contrary to*, or involved an *unreasonable application of*, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (emphasis added). In *Williams v. Taylor*, the Supreme Court clarified the language of 28 U.S.C. § 2254(d) and stated:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). Furthermore, the Supreme Court declared that "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* Elaborating on the term "objectively unreasonable," the Court stated that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.*; *see also Bailey v. Mitchell,* 271 F.3d 652, 655-56 (6th Cir. 2001).

The Sixth Circuit Court of Appeals offers the following guidelines for applying the AEDPA limitations:

> A. Decisions of lower federal courts may not be considered.
>
> B. Only the holdings of the Supreme Court, rather than its dicta, may be considered.
>
> C. The state court decision may be overturned only if:

-6-

    1.    It '[applies] a rule that contradicts the governing law set forth in [Supreme Court of the United States] cases,' [the Supreme Court precedent must exist at the time of petitioner's direct appeal] or;

    2.    the state-court decision 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [Supreme Court] precedent;' or

    3.    'the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case;' or

    4.    the state court 'either unreasonably extends a legal principle from [a Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.'

D.    Throughout this analysis the federal court may not merely apply its own views of what the law should be. Rather, to be overturned, a state court's application of Supreme Court of the United States precedent must also be objectively unreasonable. That is to say, that 'a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.' 'An unreasonable application of federal law is different from an incorrect or erroneous application of federal law.'

E.    Findings of fact of the state courts are presumed to be correct. 'The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.'

*Bailey v. Mitchell,* 271 F.3d 652, 655-56 (6th Cir. 2001) (internal citations omitted).

Finally, a reviewing federal court is bound by the presumption of correctness, under which the federal court is obligated to "accept a state court's interpretation of the state's statutes and rules of practice." *Hutchinson v. Marshall*, 744 F.2d 44, 46 (6th Cir. 1984), *cert. denied*, 469 U.S. 1221 (1985); *see also Duffel v. Duttion*, 785 F.2d 131, 133 (6th Cir. 1986). The presumption of correctness is set forth in 28 U.S.C. § 2254(e), which provides:

(e)(1)In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.

28 U.S.C. § 2254(e). The presumption of correctness applies to basic primary facts, and not to mixed questions of law and fact. *Levine v. Torvik*, 986 F.2d 1506, 1514 (6th Cir. 1993), *cert. denied,* 509 U.S. 907 (1993). The presumption also applies to "implicit findings of fact, logically deduced because of the trial court's ability to adjudge the witnesses' demeanor and credibility." *McQueen v. Scroggy*, 99 F.3d 1302, 1310 (6th Cir. 1996), *cert. denied*, 520 U.S. 1257 (1997). Furthermore, a reviewing federal court is not free to ignore the pronouncement of a state appellate court on matters of law. *See Central States, Southeast & Southwest Areas Pension Fund v. Howell*, 227 F.3d 672, 676, n.4 (6th Cir. 2000). Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

## IV. ANALYSIS

Based upon the applicable standards of review, the undersigned recommends that the Court dismiss the instant petition, with prejudice, for the following reasons:

### A. Ground One of the Petition lacks merit.

The undersigned first notes that it is difficult to discern the exact basis of Petitioner's first ground for relief. It is unclear whether Petitioner is alleging that the trial court violated his Sixth Amendment right to a trial by jury when it sentenced him based upon facts not found by the jury or whether Petitioner is alleging that he did not receive equal treatment because his case was not remanded for re-sentencing following *Blakely*. Petitioner's argument fails in either instance for multiple reasons. First, Petitioner fails to articulate a factual basis for his claim. Under 28 U.S.C. § 2254(d), Petitioner bears the burden of establishing that the trial court's judgement was contrary to clearly established Federal law. A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed. *Perez v. Hemingway*, 157 F.Supp.2d 790, 796 (E.D.Mich. 2001); *see also Galaz v. Harrison*, No. 1:04-cv-05383, 2007 WL 951352, slip op. at *23 (E.D.Cal. Mar. 27, 2007) ("Petitioner has the burden to establish error in a habeas proceeding; this Court will not speculate about what portion of the record might contain improper prosecutorial comments.") By failing to identify what factual

-8-

findings the judge made that were allegedly improper, Petitioner has fallen short of his burden, and the instant petition should be dismissed with prejudice.

In the event that the Court is not convinced that Petitioner has failed to allege sufficient facts that would merit relief, the undersigned offers the following analysis of the merits of Petitioner's claim. To do so, however, the undersigned must make one preliminary presumption. In light of *Blakely's* prohibition on judicial fact finding that increases the potential penalty for a given crime, the undersigned will assume, *arguendo*, that Petitioner challenges the repeat violent offender specifications applied in his case.

The undersigned will first address the petition under the assumption that Petitioner is challenging the equality of the Ohio courts' application of *Blakely*. The United States Constitution states: "No state shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. In order to state a claim for a violation of the Equal Protection Clause, Petitioner must demonstrate that a discrimination of some substance has occurred against him and has not occurred against other individuals who were similarly situated. *See City of Cleburne, Texas v. Cleburne Living Center*, 473 U.S. 432, 439 (1985); *Clements v. Flashing,* 457 U.S. 957, 967 (1982). Petitioner has not alleged that any similarly situated defendants (*i.e.*, those who have pled guilty to a repeat violent offender specification) have received favorable treatment following *Blakely* that he did not receive. Consequently, he has made no showing of discriminatory treatment and the Court should dismiss Ground One of the instant petition, with prejudice, insofar as it relates to allegedly unequal application of *Blakely* by the Ohio state courts.

Now the undersigned will address Ground One under the assumption that Petitioner has simply raised a *Blakely* challenge to the trial court's sentencing judgment. In *Apprendi v. New Jersey*, the U.S. Supreme Court held that, other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt. 530 U.S. 466, 490 (2000). In 2004, the U.S. Supreme Court decided *Blakely v. Washington* and held that the statutory maximum for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury

verdict *or admitted by the defendant*, and not the maximum sentence a judge may impose after finding additional facts. 542 U.S. 269, 303 (2004) (emphasis added).

The *Blakely* ruling does not impact the outcome of Petitioner's particular case because he pled guilty to the repeat violent offender specifications charged in the indictment and stipulated to a potential prison term of 23 years. As noted above, the amended indictment charged Petitioner with two counts of Aggravated Robbery in violation of O.R.C. § 2911.01(A)(3), two repeat violent offender specifications (one on each Aggravated Robbery) in violation of O.R.C. § 2641.149, and one count of Misuse of Credit Cards in violation of O.R.C. § 2913.21 (B)(2). ECF Dkt. #8, Ex. 1, 2. The maximum penalty for these charges was forty years. *See* ECF DKt. #8, Ex. 24-2 at 9. When Petitioner entered the Plea agreement, he stipulated to a maximum sentence of 23 years. *See* ECF Dkt. #8, Ex. 24-2 at 14-16. During Petitioner's change of plea hearing, the trial judge asked Petitioner for his plea as to each count in the amended indictment and Petitioner responded "guilty" to each count, including the repeat violent offender counts. ECF Dkt. #8, Ex. 24-2 at 15. At the sentencing hearing, the State indicated that Petitioner committed the crimes while he was on post-release supervision for a rape conviction. ECF Dkt. #8, Ex. 24-3 at 26-27. Based upon that fact, the trial judge concluded that a ten year sentence would not adequately punish Petitioner's conduct and that consecutive terms were needed to protect the public. *Id*. at 28-29. The judge then imposed a 13 years sentence on Count 1 and a 10 year sentence on Count 2, to be served consecutively for a total of 23 years. *Id*. at 29-30.

> Recently, the Southern District of Ohio has considered a similar situation:
>
> Even if the Court were to construe petitioner's claim as one challenging consecutive sentences under *Blakely*, his claim would be without merit. Unlike the trial court in *Blakely* which imposed an exceptional sentence of 90 months despite the state's recommended sentence of the standard 49 to 53 months, the trial court in petitioner's case did not base the consecutive sentence on factual findings, but rather accepted and imposed the parties' agreed-upon sentence. (Doc. 9, Exh. 2 and Exh. 5 at 2-3, 10-11).FN8 A stipulated sentence made pursuant to a plea agreement removes the onus of fact-finding from the trial court under Ohio law. The Ohio Supreme Court has held that "[o]nce a defendant stipulates that a particular sentence is justified, the sentencing judge need not independently justify the sentence." *State v. Porterfield*, 106 Ohio St.3d 5, 829 N.E.2d 690 (2005).FN9 Because a *Blakely* claim "is premised upon the need for a jury to make certain statutorily required sentencing findings," *State v. Brown*, 2006 WL 225524, *3 (Ohio Ct.App. 10 Dist.2006), where the parties agree to

a particular sentence and jointly recommend the sentence, no findings are statutorily required to impose the sentence under Ohio law. *See Porterfield*, 106 Ohio St.3d 5, 2005-Ohio-3095, at ¶ 25-26. "As there is no statutory requirement that findings be made, *Apprendi* and *Blakely* are inapplicable to [a] defendant's ... sentence." *State v. Brown*, 2006 WL 225524, *3, citing *State v. Ranta*, 2005 WL 1705744, *3 (Ohio Ct.App. 8 Dist.2005) ("*Blakely* addresses only those instances in which a judge makes findings statutorily required for the imposition of certain sentences. Because we conclude in the case at bar that as a result of the plea agreement no findings were required, *Blakely* does not apply for this very specific reason").

\* \* \*

The theory behind the refusal to review agreed-upon sentences remains constant, even after *Foster*. *State v. Woods*, 2d Dist. No. 05CA0063, 2006-Ohio-2325, at ¶¶ 14-15; *see*, *also*, *State v. Covington*, 5th Dist. No. CT2005-0038, 2006-Ohio-2700, at ¶¶ 13-14; *State v. Hammond*, 8th Dist. No. 86192, 2006-Ohio-1570, at ¶ 14. "The General Assembly intended a jointly agreed-upon sentence to be protected from review precisely because the parties agreed that the sentence is appropriate." *Porterfield*, *supra*, at ¶ 25.

The Ohio appellate courts are in accord that *Foster* and *Blakely* do not require re-sentencing where the defendant and the State have agreed upon a particular sentence. *See State v. Spurling*, 2007 WL 624993, *3 (Ohio Ct.App. 1 Dist.2007); *State v. Woods*, 2006 WL 1284613, *2 (Ohio Ct.App. 2 Dist.2006); *State v. Giesey*, 2006 WL 3771982, *2 (Ohio Ct.App. 3 Dist.2006); *State v. Bower*, 2006 WL 3530134, *3 (Ohio Ct.App. 4 Dist.2006); *State v. Carrico*, 2007 WL 427909, *3 (Ohio Ct.App. 5 Dist.2007); *State v. Nguyen*, 2007 WL 1229306, *5 (Ohio Ct.App. 6 Dist.2007); *State v. Jackson*, 2006 WL 1705133, *9 (Ohio Ct.App. 8 Dist.2006); *State v. Billups*, 2007 WL 853335, *2 (Ohio Ct.App. 10 Dist.2007); *State v. Kimble*, 2006 WL 3350483, *5 (Ohio Ct.App. 11 Dist.2006).

The federal courts have applied a similar rationale when a defendant bargains for and receives the specific sentence stipulated to as part of a plea bargain. Where a defendant "voluntarily exposed himself to a specific punishment, [he] cannot now claim he was the victim of a mandatory sentencing system." *United States v. Silva*, 413 F.3d 1283, 1284 (10th Cir.2005) (holding no Booker error in sentencing defendant to the specific sentence bargained for in plea agreement). *See also United States v. Pacheco-Navarette*, 432 F.3d 967, 971 (9th Cir.2005) ("where a defendant was sentenced after pleading guilty pursuant to a plea agreement that included a specific sentence stipulation that did not exceed the statutory maximum and was not contingent upon the Guidelines, remand is not required to comport with *Booker* and *Ameline*."); *United States v. Cieslowski*, 410 F.3d 353, 364 (7th Cir.2005) ("[a] sentence imposed under a Rule 11(c)(1)(C) plea arises directly from the agreement itself, not from the Guidelines.... As Booker is concerned with sentences arising under the Guidelines, it is inapplicable in this situation."), *cert. denied*, 126 S.Ct. 1021 (2006); *United States v. Sahlin*, 399 F.3d 27, 32-33 (1st Cir.2005)(holding no Booker violation because defendant stipulated to his sentence under Rule 11(c)(1)(C)). Likewise, this Court has previously recognized that "by agreeing as a term of the plea bargain to a specified prison sentence ... petitioner waived any argument that such sentence was imposed under statutory standards held to be unconstitutional by the Supreme Court in *State v. Foster*, 845 N.E.2d 470 (Ohio 2006), in light of *Blakely v. Washington*, 542 U.S. 296

-11-

>   (2004)." *Todd v. Wolfe*, Case No. 1:05-cv-737 (S.D.Ohio March 28, 2007) (Spiegel, J.), 2007 W.L. 951616, *7 n. 8, citing *State v. Richardson*, No. 87886, 2007 WL 18792, at *1 (Ohio Ct.App. 8 Dist.2007) (unpublished) (and cases cited therein); *State v. Kimble*, No.2005-T-0085, 2006 WL 3350483, at *5 (Ohio Ct.App. 11 Dist.2006) (unpublished) (and cases cited therein); *State v. Bower*, No. 06CA3058, 2006 WL 3530134, at *3 (Ohio Ct.App. 4 Dist.2006) (unpublished) (and cases cited therein); *State v. Graham*, No. 05AP-588, 2006 WL 465104, at *3 (Ohio Ct.App. 10 Dist.2006) (unpublished) (and cases cited therein), appeal dismissed, 849 N .E.2d 1029 (Ohio 2006). *See also Rockwell v. Hudson*, 2007 WL 892985, *7 (N.D.Ohio 2007), citing *State v. Jones*, No. 06AP-354, 2006 WL 3703859, at *3 (Ohio Ct.App. 10 Dist.2006) (given joint sentencing recommendation, no findings statutorily required, thus *Apprendi* and *Blakely* inapplicable); *State v. Jackson*, No. 86506, 2006 WL 1705133, at *9 (Ohio Ct.App. 8 Dist.2006) (as result of plea agreement, no findings required, thus *Blakely* inapplicable).

*Suttles v. Warden*, No. 1:06-cv-55, 2007 WL 2110498, slip op. at *8-9 (S.D.Ohio July 17, 2007). The undersigned finds the *Suttles* court's analysis to be persuasive and applicable to the case at bar. Consequently, the undersigned finds that Petitioner has incurred no harm within the meaning of *Blakely* because he pled guilty to each count in the indictment and stipulated to a potential maximum sentence of 23 years, which he received. Therefore, in the event that the Court believes Petitioner has alleged facts sufficient to require a review of the merits of the petition, the undersigned recommends that the Court deny the instant petition, with prejudice, due to a lack of merit.

### B.     Ground Two of the Petition lacks merit.

Petitioner alleges that the record contained obvious and plain errors, but appellate counsel failed to pursue them. ECF Dkt. #1 at 5. As previously noted, a petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed. *Perez*, 157 F.Supp.2d at 796; *see also Galaz*, 2007 WL 951352 at *23 ("Petitioner has the burden to establish error in a habeas proceeding; this Court will not speculate about what portion of the record might contain improper prosecutorial comments.") In the case at bar, Petitioner's generalized assertion leaves the Court to speculate as to the basis of his claim. In other words, Petitioner has failed to identify what particular meritorious legal arguments appellate counsel should have raised. To illustrate Petitioner's shortcoming, the undersigned will summarize the requirements for a showing of ineffective assistance of appellate counsel.

A defendant is entitled to the effective assistance of counsel in connection with his first appeal of right. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985); *Mapes v. Tate*, 388 F.3d 187, 191 (6th Cir. 2004); *Joshua v. DeWitt*, 341 F.3d 430, 441 (6th Cir. 2003). The failure of appellate counsel to raise an issue can amount to constitutionally ineffective assistance. *Whiting v. Burt*, 395 F.3d 602, 616 (6th Cir. 2005); *McFarland v. Yukins*, 356 F.3d 688, 710 (6th Cir. 2004). While appellate counsel need not raise every nonfrivolous issue on direct appeal, *Jones v. Barnes*, 463 U.S. 745, 751-52 (1983); *McFarland*, 356 F.3d at 710; *Joshua*, 341 F.3d at 441; *Buell v. Mitchell*, 274 F.3d 337, 352 (6th Cir. 2001), counsel still must exercise reasonable professional judgment in determining which issues to raise. *Jones*, 463 U.S. at 753; *Joshua*, 341 F.3d at 441. The presumption of effective assistance of appellate counsel will be overcome only when the ignored issues are clearly stronger than the issues presented. *Joshua*, 341 F.3d at 441; *Monzo v. Edwards*, 281 F.3d 568, 579 (6th Cir. 2002). Appellate counsel is not ineffective for failing to raise an issue that lacks merit. *Willis v. Smith*, 351 F.3d 741, 745 (6th Cir. 2003) ; *Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001); *Jones*, 463 U.S. at 751-52 (it is important for appellate counsel to "winnow[ ] out weaker arguments on appeal and focus[ ] on one central issue if possible, or at most on a few key issues."); *Smith v. Murray*, 477 U.S. 527, 536 (1986) (the ability to discern worthy claims from unworthy ones is the "hallmark of effective appellate advocacy.") The Sixth Circuit has suggested that certain considerations be taken into account in determining whether counsel rendered ineffective assistance on appeal:

>  (1) Were the omitted issues "significant and obvious"?
>
>  (2) Was there arguably contrary authority on the omitted issues?
>
>  (3) Were the omitted issues clearly stronger than those presented?
>
>  (4) Were the omitted issues objected to at trial?
>
>  (5) Were the trial court's rulings subject to deference on appeal?
>
>  (6) Did appellate counsel testify in a collateral proceeding as to his

>appeal strategy and, if so, were the justifications reasonable?
>
>(7) What was appellate counsel's level of experience and expertise?
>
>(8) Did the petitioner and appellate counsel meet and go over possible issues?
>
>(9) Is there evidence that counsel reviewed all the facts?
>
>(10) Were the omitted issues dealt with in other assignments of error?
>
>(11) Was the decision to omit an issue an unreasonable one which only an incompetent attorney would adopt?

*Mapes*, 388 F.3d at 191; *McFarland*, 356 F.3d at 711; *Martin v. Mitchell*, 280 F.3d 594, 605 (6th Cir. 2002). Additionally, "a habeas court may also consider '[p]revailing norms of practice as reflected in American Bar Association standards and the like.' " *Franklin v. Anderson*, 434 F.3d 412, 429 (6th Cir. 2006) quoting *Strickland v. Washington*, 466 U.S. 668, 688 (1984), *cert. denied*, 127 S. Ct. 941 (2007) .

With respect to prejudice in the context of ineffective assistance of appellate counsel, the petitioner must show a reasonable probability exists that, except for his counsel's deficient performance, he would have prevailed on appeal. *Mapes*, 388 F.3d at 194. While this analysis requires an evaluation of the petitioner's underlying claims, it does not require a decision on these issues, but merely a determination that a reasonable probability exists that the petitioner would have prevailed on appeal. *Id*.

Here, Petitioner has failed to establish both deficient performance and prejudice because he has not established a factual basis for his claim. Petitioner has not alleged what errors he believes counsel made, how those errors amounted to deficient performance under the *Strickland* standard, or how he was prejudiced by those errors. Consequently, the undersigned recommends that the Court dismiss Ground Two of the instant petition, with prejudice, due to a lack of merit.

**V.	CONCLUSION**

For the foregoing reasons, the undersigned RECOMMENDS that the Court DISMISS both grounds of the instant petition, with prejudice, due to a lack of merit.

DATE: January 30, 2008             *s/ George J. Limbert*
                                    George J. Limbert
                                    United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of service of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).